Print Name: Jackson Harpole
Sid #: 19613614
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR., 97882

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| <u>Jackson Harpole,</u><br><br>　　　　　　Plaintiff,<br>v.<br><br>OREGON DEPT. OF CORRECTIONS;<br>COLLETTE PETERS;<br>ERIN REYES, SUPERINTENDENT;<br>CAPTAIN STEVEN BOSTON;<br>CAPTAIN HEEHN;<br>CAPTAIN RUMSEY;<br>C/O  TERESA SWART;<br>C/O ASHLEY HILLION;<br>C/O HARRINGTON;<br>C/O JOHN DOE 1-8;<br>WARREN ROBERTS, MD, MEDICAL DIRECTOR<br>D.WETTLAUFER MEDICAL'S MANAGER @ TRCI<br>Ms. LORI DAVIS X-RAY TECHNICIAN<br>NURSE WHITNEY CRAIG;<br>JOHN OR JANE DOE ( 1- 8)<br><br><br><br>**Defendant's in their official and<br>　　　individual capacities.** | Civil Action No. <u>2:22-cv-01033-HZ</u><br><br>**COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS**<br><br>**42 U.S.C. § 1983** |

### INTRODUCTION

　　This is a civil rights action, brought by an Adult-In-Custody (AIC) plaintiff, Jackson

Harpole , against the above listed prison officials for violations of his constitutional rights under

Page 1 of 11 COMPLAINT – CIVIL RIGHTS § 1983

the Eighth and Fourteenth Amendments of the U.S. Constitution, for damages and injunctive relief under 42 U.S.C. § 1983.

## *JURISDICTION*

This Court has jurisdiction under the Federal Question statute 28 U.S.C. §§ 1331 & 1343. This Court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. § 1367.

1. Before the assault ever occurred I sent an Administrative Housing form to Captain Heehn and was denied the inquiry which will be an exhibit in my trial memorandum, with all of the proper paperwork to help my case.
2. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. 1331(1) and 1343.
3. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C.1367

### "Parties"

1. The plaintiff, Jackson Griffin Harpole, was incarcerated at Two River's Correctional Institution ( "Two Rivers") during the events described in this complaint.
2. At all relevant times, Defendant Collette Peters was employed as the Director of the Oregon Department of Corrections.
3. At all relevant times, Defendant Erin Reyes was employed by the Oregon Department of Corrections and held the position of Superintendent of the Two River's Correctional Institution.

4. Defendant Steven Boston is a Captain here of the institution here at Two River's Correctional Institution. He is sued in his individual and official capacity.

5. Defendant Heehn is the Captain at Two River's Correctional Institution and is responsible for sending inmates accused of breaking prison rules to their individual hearings. He is sued in his individual and official capacity.

6. Defendant Rumsey is a Captain at Two River's Correctional Institution is being sued in their individual and official capacity.

7. Defendant's Teresa Swart, a correctional officer employed at Two River's Correctional Institution. Above defendant is being sued in their individual and official capacity.

8. Defendant Ashley Hillion, a correctional officer employed at Two River's Correctional Institution, is being sued in their individual and official capacity.

9. Defendant Harrington, a correctional officer employed at Two River's Correctional Institution, is being sued in their individual and official capacity.

10. Defendant John Doe (1-8) is a correctional officer employed at Two River's Correctional Institution whose name is presently unknown to plaintiff. He or she is sued in their individual and official capacity.

11. .Defendant Warren Roberts, Medical Director here at Two River's Correctional Institution will be sued in their individual and official capacity.

12. Defendant D. Wettlaufer, RN, Medical Manager at Two River's Correctional Institution and is generally in charge of the information from above being sent to the nurses under her, and is being sued in their individual and official capacity.

13. Defendant Lori Davis Two River's X-RAY technician is being sued in their individual and official capacity

14. Defendant Nurse Whitney Craig is a nurse here at Two River's Correctional Institution's Medical team and will be sued in her individual and official capacity.

15. Defendant John or Jane Doe is the Deputy Warden for Administrator at Two River's Correctional Institution and is in charge of transportation of prisoners to medical appointments. He or She is sued in his or her individual and official capacities.

16. All the Defendants have acted, and continue to act, under color state law at all times relevant to this complaint,

## " EXHAUSTION OF REMEDIES "

17. Plaintiff has exhausted his remedies under the PLRA, by filing grievance # TRCI-2021-06-020, and filed all of the subsequent appeals, which were accepted regarding the incident described above. Plaintiff filed the Notice of Tort with the Department of Risk Management Services within the 180 days as required by state law.

Plaintiff has exhausted his remedies under the PLRA, by filing grievance # TRCI-2022-04-094, and filed all subsequent appeals, which were accepted regarding the incident described above. Plaintiff filed the Notice of Tort with the Department of Risk Management Services within the 180 days as required by state law.

## CONSTITUTIONAL CIVIL RIGHTS VIOLATIONS (CLAIMS FOR RELIEF)
## FAILURE TO PROTECT UNDER THE EIGHTH AMENDMENT

18. Plaintiff reincorporates the paragraphs above, and further alleges that Defendant Teresa Swart was deliberately indifferent to Plaintiff's serious risk of harm and has shown that the deprivation was objectively and sufficiently serious. In the context of this failure to protect claim, the Plaintiff has shown that he was incarcerated under conditions posing a

substantial risk of serious harm. Plaintiff has shown that the requisite level of risk was more than a mere suspicion that the attack would occur. Plaintiff has shown that the Defendant official displayed a sufficiently culpable state of mind of deliberate indifference to his health or safety. Defendant Teresa Swart is liable because the official knew of and disregarded an excessive risk to Plaintiff's health or safety, meaning the Defendant was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he also drew that inference.

*STATE LAW TORT CLAIMS*

19. Plaintiff reincorporates the paragraphs above, and further alleges that: and further alleges that Defendant was negligent, under common law for (1) Defendant failed to anticipate a foreseeable risk of harm; (2) the risk was to an interest of a kind that the law protects against negligent invasion; (3) Unreasonable conduct in light of the risk; (4) Cause in fact; (5) The Plaintiff was a member of a class of persons that were of the general type of possible injuries that made Defendant's conduct negligent; (6) and Plaintiff is entitled to damages. Defendant violated each of the above in the following ways:

(1) INSERT FORESEEABLE RISK

(2) INSERT RISK TO AN INTEREST THAT LAW PROTECTS

(3) INSERT UNREASONABLE CONDUCT IN LIGHT OF RISK

(4) INSERT HOW DEFENDANT CAUSED

" Facts "

1. The plaintiff, Jackson Griffin Harpole, was incarcerated at Two River's Correctional Institution ( "Two Rivers") during the events described in this complaint.
2. On May 24, 2021, the plaintiff was called to the co's station and (confined in the kiosk room until count cleared ) with no explanation.
3. On May 24, 2021, at about 10:30 A.M. By Correctional Officer Harrington that I was being moved from ( Unit 8 )
4. Plaintiff repeatedly asked and advised Correctional Officer Harrington that Unit 8 is the only Unit that I can live upon safely.
5. Defendant Harrington laughed at my complaint and told me to go and pack my things and get off of his unit.
6. The plaintiff then began to pack his property as directed.

" Failure to Protect "

17. On May 24, 2021, at approximately 11:00 A.M. I was advised that I was to go to a Unit that I Could not walk upon being a Sex-Offender. Unit 8 is the only unit here at Two River's Correctional Institution that I could safely walk upon.
18. Plaintiff listened to the directive sent his way and packed his belongings and went to Unit 6. A unit that was unsafe and defenitely a breach of my safety and security.
19. I was moved from Unit 8, to Unit 6 on May 24,2021 and the assault occurred on June 6, 2021, by another AIC named Jeremiah Sommerlott.
20. During this assault the plaintiff received lacerations to his face and numerous bruises to his face and scalp.

21. The plaintiff also had numerous abrasions to his head, face and knee area. Also, a broken left knee cap or (patella.) The plaintiff also received a broken nose during the assault.

22. During the assault which was on Unit 6's yard. There was one of the CO's in the bubble- CO Ashley Hillion . While another unknown CO outside of the bubble CO John Doe was outside the bubble talking to CO Ashley Hillion, completely neglecting the safety of the institution.

23. Also there are two camera's on the yard. John or Jane Doe in the Security Office were also neglecting the safety of the institution.

24. The Plaintiff had run away from his attacker and run inside of the Unit after being assaulted for approximately 3 minutes time.

25. The Plaintiff was then handcuffed by CO. Ashley Hillion and escorted to the hole by an unknown CO. ..

" Denial of Due Process "

" I would like to place in this complaint some of the times before the assault that led up to the incident. "

24.On 5-24-2021, I advised CO Harrington in the Unit after being advised that I was leaving Unit 8, and being sent to a Unit that sex-offenders aren't allowed to walk upon. That I was terrified to walk on any Unit that wasn't Unit 8. CO Harrington laughed at my request and advised to me to pack my things. Which I did do .

25. On 5-24-2021 I sent a kite to the Assignment Office advising the Assignment Office sending me to a Unit where sex-offenders weren't aloud to walk, and  was advised that I was housed properly.

26. On 5-24-2021 I sent a Kite to Captain Steven Boston advising him of my scarcity, also about me being taken off on, on Unit 6 prior to the attack that I endured, on 6-5-2021 by Jeremiah Sommerlott.

27. On 5-26-2021 I sent another Kite to CO Teresa Swart advising her that everytime the door opened I would stand at my door waiting for someone to assault me, instead of them assaulting me on my bunk. And was denied due process due to these words.

28. On 5-29-2021, I sent another Kite to CO Teresa Swart a known officer here at TRCI who was assigned to the assignment office at that particular time. In the Kite I explained to CO Teresa Swart that all of the amenities were taken from me and also it was a breach of security to house a known sex-offender on Unit 6. And was denied due process.

29. 6-8-2021, I was released from the infirmary without any x-rays and was placed back in the same cell on Unit 6. Which was on the top tier.

## " Denial of Medical Care "

30. On 6-5-2021, after being assaulted I was escorted to the hole handcuffed to the medical facility and Nurse Whitney Craig was on duty.

31. I advised Nurse Whitney Craig that my left leg was hurting? She asked me if I could move it and " I TOLD HER THAT I COULD NOT MOVE IT ," She said she was gonna send me to the infirmary for neuro-checkups. Not to the hospital for X-RAYS.

32. It took Two River's Correctional Institution approximately till 6-11-2021 after me sending a Kite for a sick call request to be seen for my knee and nose.

33. Defendant John or Jane Doe is responsible for arranging for specialized care outside the prison.

34. Approximately 6-11-2021 I was sent to the Hospital and advised that my knee cap was in half, and given a knee brace for healing, and told that physical therapy was required for my knee to regain it's physical use. Its been over a year and haven't been offered no physical training for my knee or my nose.

35 After returning to Two River's Correctional Institution I was never offered any crutches, for the support of my knee, with the knee brace.

36. On information and belief, when a prisoner files a grievance, the grievance staff calls the matter to the attention of those individuals responsible for the matter that the grievance concerns.

" Claims for Relief "

A. Failure to Protect

37. The failure of Defendant Teresa Swart to act on her knowledge of a substantial risk of harm to Plaintiff violated his Eighth Amendment right to be free from deliberate indifference to his safety.

38. As a result of Defendant Teresa Swarts' failure, Plaintiff was viciously assaulted and received serious physical, mental, and emotional injuries.

39. The failure of Defendant Heather Cochell to act on her knowledge of a substantial risk of harm to Plaintiff violated his Eighth Amendment right to be free from his rights being violated.

40. The failure of Defendant Steven Boston to act on his Rank being a Captain and acting on the knowledge of a substantial risk of harm to Plaintiff violated his Eighth Amendment right.

41. The failure of Defendant Heehn to act on his Rank, being a Captain and acting on the Administrative Housing request I sent to him. Which will be included in my trial memorandum, brought signifigant risk to Plaintiffs' Eighth Amendment rights.

### B. Negligence to Medical Needs

42. The refusal of Defendant Nurse Craig to authorize a trip to the hospital after being advised by the Plaintiff that his knee was hurting and couldn't be moved. Also it was known that my nose was broken considering we we're face to face.

43. Defendant Prison Medical Providers have a policy of restricting, if not outright denying, follow-up care ordered by a doctor when such care is expensive.

44. The failure of Defendant Prison Medical Providers to take steps to ensure that Plaintiff received the needed treatment, despite its knowledge of Plaintiff's serious medical needs, constituted negligence to Plaintiff's serious Medical needs.

45. As a result of Defendant Prison Medical Providers' and Defendant Nurse Whitney Craigs' failure to provide needed medical treatment, Plaintiff suffered further injury and physical and emotional pain and injury.

### C. Retaliation

46. The refusal of Defendant Teresa Swart to provide protection to Plaintiff as a result of Plaintiff's having written Kite after Kite to her, constituted retaliation for petitioning government for redress of Kites and therefore violated the First Amendment.

47. As a result of Defendant Teresa Swarts' failure, Plaintiff was viciously assaulted and received serious physical and emotional injuries.

### " Relief Requested "

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that Defendant Teresa Swart violated Plaintiff's Eighth Amendment rights when he failed to protect him from a known risk of assault and he was severely asaulted.

B. Declare that Defendant Whitney Craig violated Plaintiff's Eighth Amendment right to medical care.

C. Declare that Defendant Prison Medical Provider violated Plaintiff's Eighth Amendment rights to Medical Care.

D. Declare that Defendant Teresa Swart violated Plaintiff's First Amendment right not to be retaliated against for written Kites describing my scarcity for my placement.

E. Issue an injunction requiring that Defendant Prison Medical Providers provide physical therapy to Plaintiff as ordered by the outside doctor;

F. Award compensatory damages for plaintiff's physical and emotional injuries, and punitive damages against each defendant; and

G. Grant plaintiff such other relief as it may appear Plaintiff is entitled to.

Plaintiff hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the above facts are true to Plaintiff's knowledge and belief.

Dated this __14__ day of __July__ 20__22__.

Respectfully Submitted,

_Jackson Harpole_
(Signature)
Print Name: Jackson Harpole
Sid #: 19613614

## CERTIFICATE OF SERVICE

**CASE NAME:** Harpole v. ODOC, et al

**CASE NUMBER:** (if known) _____

COMES NOW, Jackson Harpole, and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at Two Rivers Correctional Institution (TRCI).

That on the 14th day of July, 2022, I personally gave Two Rivers Correctional Institution's e-filing service A TRUE COPY of the following:

Complaint for violations of Civil Rights

_Jackson Harpole_
(Signature)

Print Name: Jackson Harpole

S.I.D. No.: 19613614

Page 1 of 1 – Certificate of Service